R. GUASTAVINO CO. v. COMERMA et al.

(Circuit Court, S. D. New York. July 26, 1910.)

1. TRADE-MARKS AND TRADE-NAMES (§ 21*)—NAMES SUBJECT TO OWNERSHIP.
Where the terms "Spanish tile" and "cohesive tile" are synonymous terms in the trade with "Guastavino tile" and "timbrel vault," meaning arches made by complainant, and he has had exclusive user of such terms for nearly 30 years, such names could be used by him and protected as trade-names; and, where another adopts the same names to designate work of the same kind done by him, he may be restrained from using them without adding some sign to distinguish his work.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 24; Dec. Dig. § 21.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 1*)—DEFINITION.
A "trade-mark" or "trade-name" is some symbol by which one man's manufacture is differentiated from another's, and all that is needed for a valid trade-name is that it indicate the manufacture of the owner, whether there are other manufacturers or not.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 1, 3; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 8, pp. 7042–7048.]

Action by R. Guastavino Company against John Comerma and another. Decree for complainant.

This is an application for a writ of injunction pendente lite forbidding the defendants from the use of the phrase "Guastavino tile arch," "timbrel vault," "Spanish tile arch," and "cohesive tile arch." The complainant or its predecessors has engaged in the business of making tile arches of peculiar structure continuously since the year 1881, and has always made its vaults and arches under one or other of the names in question during that time. The structures themselves are not wholly new; they are an adaptation made by Guastavino, Sr., of an ancient form of tile arch used in Spain for many centuries, and dating back to Roman and even to Assyrian times. The complainant's modification of this arch is peculiar, in that the surfaces of the tiles are roughened so as to add to the cohesive force between them and the mortar; but they do not claim the exclusive right to the manufacture even of this improvement. There are existing now in Spain and in Mexico arches made upon the same principle as these, and the complainant does not contend that the names "Spanish tile" or "cohesive tile" would make a good trade-mark independently of an exclusive user. In proof of that they show that no one in this country except the complainant or its predecessors has made arches of this structure at all until the defendant set up in business

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

within about a year. There was, it is true, one such arch made some years ago, which soon gave way. Comerma is a Spaniard who had learned the general kind of construction in Spain and came over here some six years ago in the employ of the complainant for 3 or 3½ years. He says that during this time he was a foreman, but the complainant insists that he was only a tile layer upon the same daily wage as that of others in its employ. The affidavits raise a square dispute upon this point. Comerma organized a corporation in the year 1909, and advertises that he will make Spanish tile arches or cohesive tile arches. He has also represented himself as formerly a foreman in the employ of the complainant and has asserted that he can make arches as well as the complainant.

Upon the argument the defendant conceded the right of the complainant to the terms "Guastavino arch" and timbrel vault," so that the issues are reduced to the phrases "Spanish tile" and "cohesive tile."

Elbridge L. Adams, for complainant.
H. B. Davis, for defendants.

HAND, District Judge (after stating the facts as above). The defendant makes no showing in the papers to contradict the proof that "Spanish tile" and "cohesive tile" are synonymous terms in the trade with "Guastavino tile" and "timbrel vault," and that they mean arches made by Guastavino. The complainant has had exclusive user for now nearly 30 years and presents affidavits of substantial builders and architects who say that "Spanish tile" and "cohesive tile" mean Guastavino's work. A secondary meaning is therefore in my judgment shown clearly enough even for a preliminary writ.

I have had two doubts, but I think neither is substantial. The first is this: Here is a name which has never been used to distinguish the complainant's work from any other man's, because no one else has ever made the structure. A "trade-mark" or "trade-name" is some symbol by which one man's manufacture is differentiated from another's and if the goods were never made by another no mark applied to them can be the personal mark of manufacture which is the only subject of monopoly. This argument is wholly sophistical, because all that is needed for a valid trade-mark is that the name should indicate the manufacture of the owner, whether there are other manufacturers or not. If the name has come to mean both the article and its manufacturer, it is none the less a misapplication to apply it to the article when made by another. Strictly speaking the article has never yet got a generic name at all; usage has heretofore not found it necessary to distinguish between product and manufacturer. That does not change the fact that the work in question does mean the product of Guastavino. The name has not become generic, because the thing has not yet become a genus.

The only troublesome analogy is the invalidity of a trade-mark upon a patented article acquired before the patent expires. However, those cases are to be explained upon the theory that the name, e. g., "Singer's sewing machine," prima facie means a machine made in accordance with the patent. I know of no case in which it is held that a patentee could not protect his mark if he showed that the name meant not only the patented structure, but also that he made it himself. Suppose no one but the patentee had ever made the patented article, and it was shown that the name meant not only a machine made after the patent,

but made by him. There seems no good reason to forbid the allowance of such a mark, if that were shown, merely because it applies to a patented article, and I do not believe that it will be so decided when it arises. In any case, this is not a patented article, and I shall not extend any such supposed reasoning to this case.

The second doubt is from the use of the names in making building contracts with architects and builders who always know independently of the name with whom they are dealing. However, the complainant has a good answer to this, when it suggests that, though contracts are made explicitly enough, its general reputation in the trade depends upon the character of the work which goes under its name. If Comerma's arches are called "Spanish tile," Guastavino must bear the chance of their miscarriage. Whether Comerma makes them better or worse, he is certainly not entitled to tack Guastavino's name to them. Each man must be allowed to make his own name on his own work, and it is plain enough that, even though the contracting architects and builders know with whom they are dealing, the profession and trade who merely followed the results of the work through the gossip of their colleagues might well attribute Comerma's bad work, if it were bad, to Guastavino. Therefore, in spite of the way in which the business is done, there is ground to expect confusion.

Let a writ go pendente lite against the use of "Spanish tile" or "cohesive tile" in any form without some distinguishing sign to indicate Comerma. If the parties cannot settle between them the proper addendum, they may bring the dispute to me. The writ should be explicit, as it saves litigation upon contempt proceedings.

In view of the conflict of evidence the writ will not include any provision regarding Comerma's representing himself as a former foreman of the complainant.